UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: SUBPOENA ISSUED TO ATTORNEY TODD GRAY | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____ |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(c) and 45(d), Non-Party Todd Gray, by undersigned counsel, respectfully submits this Memorandum of Law in support of his motion for an order quashing a subpoena and for a protective order.[1]

### I. INTRODUCTION

This motion seeks to quash a deposition subpoena unilaterally issued by Plaintiffs Libertarian National Committee, Inc., David Patterson, and Libertarian Party of Kentucky (collectively, "the Libertarians") to non-party Attorney Todd Gray ("Attorney Gray"), in connection with a civil action pending in the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort, styled *Libertarian National Committee, Inc., et al. v. Dr. Terry Holiday, et al.*, Civil Action No. 3:14-cv-00063-GFVT ("Kentucky Action"). Attorney Gray is legal counsel for Kentucky Educational Television ("KET"), whose board of directors and employees are named defendants in the Kentucky Action.[2]

---

[1] Contemporaneously with the filing of this motion, Todd Gray has filed a motion to transfer disposition of this motion to the Kentucky Court from which the subpoena was issued. If the Court grants the motion to transfer, no ruling on the present motion will be required from this Court.

[2] KET has separately moved for a protective order in the Kentucky Action to quash the subpoena issued to Attorney Gray and several individual parties. That motion is attached as Exhibit 1and its contents are incorporated herein by reference.

The deposition subpoena issued by the Libertarians to Attorney Gray was unilaterally noticed without consultation with Attorney Gray's counsel, who was known to the Libertarians at the time the subpoena was issued. The subpoena was issued just ten (10) days before the date for compliance and served only nine (9) days before the date for compliance. It was issued without regard to the availability of the witness, the witness's chosen counsel (who is not available), or counsel for the other parties in the action (who are not available). Counsel for Attorney Gray has conferred with the Libertarians' counsel, who has refused to remand the subpoena. The subpoena must be quashed as untimely, unduly burdensome, and contrary to the letter and the spirit of Rules 26 and 45 of the Federal Rules of Civil Procedure.

## II. BACKGROUND FACTS RELATING TO THE SUBPOENA

The Kentucky Action relates to the manner in which KET, an educational television network, selects candidates who are eligible to participate in televised political programs. The Libertarians claim that KET excluded their candidate from a candidate program in violation of his constitutional rights. (Kentucky Action, Amended Complaint, DE 41.) Attorney Gray provides legal advice to KET on various issues, including those related to the subject of the Kentucky Action. By subpoena *duces tecum* issued March 12, 2016, the Libertarians commanded Attorney Gray to produce certain documents, including documents clearly protected by the attorney client privilege between KET and Attorney Gray. (*See* March Subpoena, attached as Exhibit 2.)

Attorney Gray responded to this subpoena through Mark Hurst, Attorney Gray's counsel who is based in Louisville, Kentucky, by letter dated March 25, 2016. (Hurst March Letter, attached as Exhibit 3.) In that letter, Mr. Hurst indicated that Attorney Gray would produce a subset of documents for which the attorney-client privilege was subject to a limited waiver. Attorney Gray produced a subset of 94 pages of documents on May 2, 2016, withholding the

remaining documents under a claim of privilege by his client KET.  (Hurst May Letter, attached as Exhibit 4.)

After having heard nothing from the Libertarians' counsel for more than two months following the May letter and document production, at 4:15 p.m. on July 19, 2016, Mr. Hurst received a unilateral deposition notice from the Libertarians' counsel, Chris Wiest, commanding Attorney Gray's appearance at a deposition scheduled in Washington D.C. for July 29, 2016, just ten (10) days later.  (*See* July Subpoena, attached as Exhibit 5; *see also* E-mail Exchange from Chris Wiest to Mark Hurst ("E-mail Exchange"), attached as Exhibit 6; Declaration of Mark Hurst ("Hurst Decl."), attached as Exhibit 7, ¶ 4.)  The subpoena was not served upon Attorney Gray until the following day, Wednesday, July 20, 2016.

Mr. Wiest blamed the lack of notice on the time needed for the Libertarians' review of documents produced by KET on May 2, 2016, subsequent disputes with KET over the sufficiency of that document production, and the impending discovery deadline in the Kentucky Action, set for July 29, 2016.  (*Id.*)  Of course, those circumstances have nothing to do with Attorney Gray, (who only produced 94 pages of documents), and were entirely outside of his control.  Nevertheless, the Libertarians expect Attorney Gray and his chosen counsel to bear the brunt of their own failure to conduct orderly discovery in the Kentucky Action, by appearing in Washington, D.C. on short notice, on the very last business day before the discovery deadline.

By reply e-mail less than two hours later, Mr. Hurst informed Mr. Wiest that he was not available to be in Washington, D.C. on July 29 to represent his client at the proposed deposition as Mr. Hurst would be in Atlanta, Georgia that day.  (E-mail Exchange, Ex. 6; see also Hurst Decl., Ex. 7, ¶¶ 5, 6.)  The Libertarians' counsel responded by proposing an even *earlier* date for Attorney Gray's deposition next week in Washington, D.C., for which numerous counsel,

including Mr. Hurst, would have to travel to Washington D.C. from Kentucky on less than a week's notice. (*Id.*) Mr. Hurst has a number of conflicts the week of July 25 that would make travel to Washington, D.C. at any point during the week extremely difficult. (Hurst Decl., ¶ 7.) KET's counsel has already indicated to the Kentucky Court that they have similar conflicts. (*See* KET's Motion for Protective Order, Ex. 1.)

If allowed to go unchecked, the Libertarians' blatant disregard for the schedules of Attorney Gray, his Kentucky counsel, and the other counsel and parties involved in the Kentucky Action would create an undue burden on numerous counsel and parties, including Attorney Gray. The subpoena must be quashed pursuant to Fed. R. Civ. P. 45(d).

## III. ARGUMENT

Under Fed. R. Civ. P. 45(d)(1), a party or attorney responsible for issuing and serving a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.*

Furthermore, the court for the district where compliance is required **must** quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)

Likewise, Fed. R. Civ. P. 26(c) serves to protect a person from whom discovery is sought where such discovery would result in "annoyance, embarrassment, oppression, or undue burden

or expense . . . ." Here, the deposition subpoena issued by the Libertarians to Attorney Gray must be quashed because it imposes upon Attorney Gray undue burden and fails to allow for a reasonable time for compliance.

### A.   The Subpoena Must be Quashed Because It Imposes Undue Burden on Attorney Gray

A court "must quash a subpoena that 'subjects a person to undue burden.'" *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (*quoting* former FRCP 45(c)(3)(A)) (emphasis added). "Non-party status is . . . relevant in considering the burden." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D. D.C. 2005) (*quoting Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D. D.C. 2000)). Indeed, "the status of a witness as a non-party to the underlying litigation entitles the witness to consideration regarding expense and inconvenience." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (*citing* former Fed. R. Civ. P. 45(c)(2)(B)) (internal brackets and quotation marks omitted).

Here, the Libertarians expect Attorney Gray to appear for a deposition just seven business days after the subpoena was served upon him. More importantly, the Libertarians expect Attorney Gray to appear on a date in which his chosen Kentucky counsel is unavailable. Attorney Gray's counsel, Mark Hurst, lives and practices law in Louisville, Kentucky. (Hurst Decl., ¶ 3.) Mr. Hurst advised Mr. Wiest immediately upon issuance of the subpoena that he (Hurst) would be in Atlanta, Georgia on July 29, 2016 and unavailable to fly to Washington D.C. to prepare and represent his client at a deposition on that date. (E-Mail Exchange, Ex. 6; Hurst Decl., Ex. 7, ¶ 5.) Because of the impending discovery deadline on July 29, 2016, a circumstance entirely of the Libertarians' own making, Mr. Wiest's only proposal in response to Mr. Hurst's unavailability was to move the deposition *earlier*, giving even less notice to Attorney Gray and the other involved parties and counsel. Mr. Hurst has conflicts the week of

July 25 that would make travel to Washington, D.C. for a deposition extremely burdensome. (Hurst Decl., ¶ 7.)   KET's counsel has similar conflicts.   (KET's Motion for Protective Order, Ex. 1 hereto.)   The Libertarians have also failed to consider or account for the significant monetary expense that would be incurred by Mr. Hurst, the party defendants and their counsel in booking long-distance travel on such short notice.

Respectfully, Attorney Gray and his counsel should not be required to make accommodations to their own busy schedules, and to bear the burden of preparing for a deposition on extremely short notice due to the failings of the Libertarians to conduct discovery in a timely fashion.   The subpoena must be quashed because it imposes an undue burden on Attorney Gray and his counsel.

**B.     The Subpoena Must be Quashed Because it Fails to Allow a Reasonable Time for Compliance**

Federal Rule 45(d) is silent on what constitutes a "reasonable time" for compliance with a subpoena.   This is a fact-sensitive inquiry depending on the circumstances of the particular case. *See, e.g. In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005).   "An obvious fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel." *Id.* at 327.   Many courts have found that deposition subpoenas issued upon ten or fewer days' notice did not allow a "reasonable time" for compliance, particularly where the issues are complex, the case involves numerous parties and counsel, and the depositions would require parties and counsel to travel long distances to the deposition location. *See, e.g. In re Sulfuric Acid*, 231 F.R.D. at 327 (ten business days' notice not reasonable in complex case where the schedules of the deponents and a number of lawyers would be unable to accommodate belatedly filed notices); *Kellogg v. FPC Flexible Packaging*

*Corp.*, 2013 WL 3805670, at *4 (W.D. Mich. July 22, 2013) (attempt to depose witness on six days' notice "just before the close of discovery" deemed unreasonable).

Here, the subpoena was issued to Attorney Gray just ten (10) days before the time scheduled for his deposition, and was served just nine (9) days before said deposition. As set forth in detail above, Attorney Gray's Kentucky counsel is not available on the date specified in the subpoena. Mr. Wiest's only proposed solution to counsel's unavailability was to propose an *earlier* date upon which Attorney Gray could appear, possibly Wednesday (July 27) or Thursday (July 28). (E-mail Exchange, Ex. 6.) Under the circumstances, this proposed alternative does not provide reasonable notice to the witness, his counsel, or the counsel and other parties involved in the Kentucky Action. Multiple lawyers for various parties, and the parties themselves (should they exercise their right to attend) would be required to book travel from Kentucky to Washington, D.C. on a week or less of notice. Travel and preparation time must be considered in determined whether the notice given for a third-party deposition is reasonable. *In re Sulfuric Acid*, 231 F.R.D. at 327. Particularly because the short notice given by the Libertarians was a result of their own lack of diligence in conducing discovery before the discovery deadline, the notice given here should not be considered reasonable and the subpoena must be quashed.

## **CONCLUSION**

For the foregoing reasons, Attorney Gray respectfully requests that the deposition subpoenas issued to him in the Kentucky Action be quashed, or in the alternative, for a protective order directing that such deposition shall not proceed.

Respectfully Submitted,

Alexander M. Bullock (D.C. Bar No. 446168)
Kilpatrick Townsend LLP
Suite 900
607 14th Street, NW
Washington, DC  20005-2018
Phone:  (202) 824 1416
Facsimile:  (202) 585-0065
abullock@kilpatricktownsend.com
*Counsel for Todd Gray*

July 22, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2016, a true and correct copy of the foregoing was sent via United States mail, first-class postage prepaid, and via email to each of the counsel of record in the Kentucky Action.

Alexander M. Bullock

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | | |
|---|---|---|
| LIBERTARIAN NATIONAL | ) | |
| COMMITTEE, INC., et al. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | CIVIL ACTION 3:14-cv-00063-GFVT |
| v. | ) | |
| | ) | |
| DR. TERRY HOLIDAY, et al. | ) | |
| | ) | |
| DEFENDANTS | ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants (collectively, "**KET**"), pursuant to Fed. R. Civ. P. 26(c)(1), respectfully move this Court for a protective order striking the untimely notices of deposition issued by Plaintiffs (collectively, "**the Libertarians**") for the four remaining individual Defendants, Bill Goodman, and attorney Todd Gray. These notices – which were served a mere six to ten days in advance of the depositions they scheduled, and just ten days before the close of discovery – do not provide "reasonable notice" of the depositions as required by Fed. R. Civ. P. 30(b)(1). Moreover, the Libertarians' deposition notices would require the depositions of several party defendants to be conducted simultaneously, which is an impermissible violation of a party's basic right to be present at all depositions in a case. The notices are further deficient because they improperly demand that KET's employees travel to the Libertarians' counsel's office in Kenton County, Kentucky, rather than in Lexington, where the KET employees are located.

Accordingly, KET requests that these deposition notices be stricken. A Memorandum in Support and Proposed Order are tendered herewith.

Respectfully submitted,

/s/ Christopher W. Brooker
Deborah H. Patterson
Christopher W. Brooker
Allison L. Brown
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235
Fax: 502.589.0309
dpatterson@wyattfirm.com
cbrooker@wyattfirm.com
abrown@wyattfirm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 21st day of July, 2016, the foregoing was filed with the clerk using the Court's CM/ECF System, which automatically serves a copy of the foregoing via e-mail upon the following:

Christopher Wiest      (chris@cweistlaw.com)

Jack S. Gatlin         (jgatlin@ffalaw.com)

Brandon N. Voelker     (bnvoelker@msn.com)

Thomas B. Bruns        (tbruns@ffalaw.com)

Robert A. Winter, Jr.  (robertawinterjr@gmail.com)

/s/ Christopher W. Brooker
Christopher W. Brooker
*Counsel for Defendants*

61523874.1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | | |
|---|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., et al. | ) ) ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | CIVIL ACTION 3:14-cv-00063-GFVT |
| DR. TERRY HOLIDAY, et al. | ) ) ) | |
| DEFENDANTS | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On July 19, 2016 – *ten days* before the agreed discovery cut-off in this case – Plaintiffs (collectively, **"the Libertarians"**) unilaterally issued deposition notices for the four KET individual capacity Defendants, Bill Goodman, as well as KET's outside counsel. These notices called for all six depositions to occur within the space of *four days* from July 26 to July 29, in both Kenton County, Kentucky and Washington, D.C.

These notices are unreasonable and their timing was wholly unnecessary. Discovery in this case has been open since at least February 2016, and all of the proposed deponents – KET employees Tim Bischoff, Mike Brower, Deidre Clark, Bill Goodman, and Shae Hopkins, as well as attorney Todd Gray – are individuals whose identities the Libertarians have long known. Far from being a good-faith attempt to gather facts in support of their claims, the Libertarians' eleventh-hour deposition demands are a transparent attempt to harass and burden these individual Defendants. KET should not have to accommodate the Libertarians' belated notices – which are untimely and improper under the Federal Rules. Accordingly, KET moves this Court, pursuant to Fed. R. Civ. P. 26(c)(1), to issue a protective order striking the Libertarians' deposition notices.

## FACTUAL AND PROCEDURAL BACKGROUND

The Libertarians filed this case on September 28, 2014, demanding that KET allow their candidate for United States Senate, David Patterson, to appear as a guest on KET's *Kentucky Tonight* interview program.  The Libertarians argued that the criteria KET used to determine which candidates would be invited to appear on *Kentucky Tonight* were a pretext used to discriminate against Mr. Patterson's viewpoints, and asked this Court to issue an injunction requiring KET to allow Mr. Patterson on the show.  The Court denied the Libertarians' request for injunctive relief, finding no likelihood of success on the merits.  [*See* DN 28].

Having failed at the primary aim of their case – forcing their way onto the *Kentucky Tonight* set – the Libertarians changed their approach, tendering an Amended Complaint that added five KET employees as "individual capacity" defendants and made additional claims regarding the substance and timing of KET's invitation criteria.  [DN 31].  The Court allowed the Amended Complaint over KET's objections, [DN 41], but ultimately dismissed the Libertarians' individual-capacity claims against Mr. Goodman, as well as their new claims regarding KET's criteria.  [DN 47].  The individual-capacity claims against Mr. Goodman's co-workers were allowed to proceed.

Since the Court entered its dismissal order on February 5, 2016, the parties have proceeded with discovery as follows:

- **February 29, 2016** – The Court enters an Agreed Scheduling Order [DN 51], setting July 29, 2016 as the cut-off for discovery regarding liability and qualified immunity.

- **March 12, 2016** – The Libertarians serve KET with numerous written discovery requests, including expansive Requests for Production of Documents.[1]

---

[1] For instance, the Libertarians' Request for Production No. 16 asked KET to produce "each and every document, communication, or e-mail that in any way discusses the Libertarian Party, or

- **April 15, 2016** – KET serves the Libertarians with written discovery and document requests.

- **April 20, 2016** – KET provides written responses to the Libertarians' discovery requests, and offers to make approximately 8,000 pages of responsive documents available for review in its counsel's offices. KET also offers to make these documents available on CD free of charge.

- **May 3, 2016** – At the Libertarians' request, KET produces its documents on CD. The documents are organized by date.

- **May 13, 2016** – The Libertarians serve their written responses to KET's discovery requests. The Libertarians refuse to produce a *single* document requested by KET.

- **May 20-June 9, 2016** – KET and the Libertarians exchange four letters regarding issues with the Libertarians' discovery responses, including, but not limited to, the Libertarians' refusal to produce any documents in response to KET's discovery. The Libertarians ultimately agree to produce a limited number of documents. Throughout this correspondence, the Libertarians say *nothing* about the prospect of deposing KET witnesses.

- **June 10-July 12, 2016** – *KET hears nothing from the Libertarians.*

- **July 13, 2016, 5:31 p.m.** – The Libertarians' counsel sends a letter to KET's counsel noting, for the first time, purported "deficiencies" in KET's document production and asking that KET agree to an extension of the July 29, 2016 discovery cut-off. [*See* July 13, 2016 letter from T. Bruns to D. Patterson and C. Brooker, attached as **Exhibit 1**, at 3.] The Libertarians' counsel states that if KET would not agree to an extension the Libertarians would file a motion with the Court. [*Id.*] The letter requests a response no later than July 19, 2016.

- **July 19, 2016, 11:17 a.m.** – Prior to the expiration of the Libertarians' self-created deadline, and as KET's counsel is working on a response, the Libertarians' counsel sends an email reiterating "our desire to discuss an extension of the current deadlines" and threatening to "unilaterally start noticing depositions for this weekend and next week" if KET did not entertain the Libertarians' request to discuss an extension. [*See* July 19, 2016 email from C. Wiest to D. Patterson and C. Brooker, attached as **Exhibit 2**.]

---

any Libertarian candidate or office holder, by any Defendant, or other employee, officer, or agent of KET or KAET, from January 1, 2006 to the present."

- **July 19, 2016, 3:00 p.m.** – KET's counsel provides a response to the Libertarians' July 13 letter, addressing the Libertarians' discovery concerns and explaining that KET would not agree to any extension of time because discovery had long been open and there was no justification for extending the agreed-upon deadline. [*See* July 19, 2016 email from C. Brooker to C. Wiest and attached letter from D. Patterson to C. Wiest, et al., attached as **Exhibit 3**.]

- **July 19, 2016, 4:08 p.m.** – Instead of moving the Court for an extension of time, the Libertarians issue six deposition notices for five KET employees and KET's attorney, Todd Gray.   The depositions are scheduled as follows: [2]

  o  **Tuesday, July 26, 2016 / 9:00 a.m. / Crestview Hills, KY:** Bill Goodman (Host and Managing Editor of *Kentucky Tonight*);[3]

  o  **Wednesday, July 27, 2016 / 9:00 a.m. / Crestview Hills, KY:** Mike Brower (KET Senior Director of Production Operations);

  o  **Wednesday, July 27, 2016 / 9:00 a.m. / Crestview Hills, KY:** Deidre Clark (Producer of *Kentucky Tonight*);

  o  **Thursday, July 28, 2016 / 9:00 a.m. / Crestview Hills, KY:** Tim Bischoff (KET Senior Director of Marketing and Online Content);

  o  **Thursday, July 28, 2016 / 9:00 a.m. / Crestview Hills, KY:** Shae Hopkins (KET Executive Director);

  o  **Friday, July 29, 2016 / 9:00 a.m. / Washington, D.C.:** Todd Gray (KET outside counsel).[4]

- **July 19, 2016, 7:06 p.m.** – The Libertarians' counsel follows up with a letter and email making clear that the Libertarians intend to proceed with the depositions. [*See* July 19, 2016 email from C. Wiest to C. Brooker and D. Patterson, attached as **Exhibit 5**.]

---

[2] Copies of the deposition notices and the email to which they were attached are attached as **Exhibit 4**.  Notably, Plaintiffs attempt to grant themselves a discovery extension through their notices by reserving the right to re-open and continue each deposition, based on their unfounded complaints raised six days earlier regarding Defendants' document production, which took place well over two months earlier.

[3] As this Court knows, Bill Goodman has already provided abundant testimony on the issues in this case, both by deposition and at the injunction hearing.

[4] The Libertarians also issued a subpoena for Mr. Gray.  The subpoena was served on July 20, 2016.

To date, the Libertarians have not filed any motion for extension of time with the Court. KET now moves, pursuant to Fed. R. Civ. P. 26(c)(1), to issue a protective order striking the Libertarians' belated notices of depositions.

## ARGUMENT

In their July 13 letter, the Libertarians stated that if KET would not agree to an extension of the discovery deadline, they intended to take the matter up with the Court. But that is not what the Libertarians did. Instead, knowing that they have no viable grounds for requesting an extension, the Libertarians issued numerous deposition notices for the following week in a transparent attempt to force KET to extend the agreed-to discovery cutoff. The Libertarians' actions are an outright admission that they have no basis for asking this Court to allow discovery to continue past July 29. They are also flagrantly improper under the Federal Rules, and KET respectfully requests that this Court enter a protective order striking the Libertarians' deposition notices.

**I.    The Libertarians Did Not Provide "Reasonable Notice" Of The Depositions Pursuant to Fed. R. Civ. P. 30(b)(1).**

Fed. R. Civ. P. 30(b)(1) requires a party seeking to take a deposition through oral examination to provide "reasonable written notice" of the deposition to every other party to the action. Although there is no fixed time limit in the Federal Rules and "reasonableness" depends on the facts and circumstances of the case, *see In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005), federal courts have consistently held that deposition notices issued less than 10 days before the deposition do not satisfy the "reasonable written notice" requirement of Rule 30.

For example, in *Lucas v. Breg, Inc.*, the defendant received three deposition notices from the plaintiffs only seven days in advance. 2015 WL 8328696, at *2 (S.D. Cal., Dec. 8, 2015).

5

The notices were for multiple deponents in multiple cities and states, and called for the depositions to be held simultaneously on the last day of the four-month discovery period. *Id.* at *1. The federal court held that the plaintiffs had not provided "reasonable notice" as required by Rule 30 and granted the defendant's motion to bar the depositions from going forward. *Id.* at *2. Numerous other courts have reached the same conclusion in similar circumstances.[5]

As in *Lucas* and similar cases, the "notice" provided here is patently unreasonable. The Libertarians' "notices" give KET only six calendar days (and four working days) before the first deposition is to begin – hardly sufficient time to for counsel to adequately prepare themselves and their witnesses. The Libertarians would then have KET's counsel defend three straight days of depositions in Crestview Hills, Kentucky (including two days of "double-tracked" depositions on July 27 and 28),[6] before traveling to Washington, D.C. for Mr. Gray's deposition on Friday, July 29. To say this expectation is unrealistic would be a gross understatement – and the logistical burdens alone warrant a protective order. *See In re Sulfuric Acid*, 231 F.R.D. at 327 (whether a deposition notice is reasonable includes considerations of time for "preparation and travel").

---

[5] *See, e.g., United States v. Philip Morris, Inc.*, 312 F. Supp. 2d 27, 36-37 (D.C. Cir. 2004) (six days' notice for "busy professionals" not reasonable); *In re Sulfuric Acid*, 231 F.R.D. at 327 (ten business days' notice not reasonable in complex case where "the depositions are to occur virtually hours before the discovery cut-off, and it was obvious – or at least probable – that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices"); *In re Stratosphere Corp. Securities Litig.*, 183 F.R.D. 684, 686 (D. Nev. 1999) (six days' notice, including weekend, was not reasonable); *Kellogg v. FPC Flexible Packaging Corp.*, 2013 WL 3805670, at *4 (W.D. Mich. July 22, 2013) (attempt to depose witness on six days' notice "just before the close of discovery" was not reasonable); *Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 696979, at *1 (N.D. Cal. Mar. 17, 2005) (issuance of deposition notice on March 15 for March 18 deposition was not reasonable notice).

Fed. R. Civ. P. 32(a)(5) recognizes that notice of less than 14 days constitutes "short notice" and precludes the use of a deposition against a party at a hearing or at trial if the party had less than 14 days' notice and promptly moved for a protective order under Fed. R. Civ. P. 26(c)(1)(B).

[6] As explained below, these proposed "double-tracked" depositions are improper as well.

Moreover, it is utterly unreasonable and oppressive to expect the witnesses – all busy professionals actively engaged in the day-to-day business of operating a public television station (in the case of Ms. Hopkins, Mr. Brower, and Mr. Bischoff), producing a weekly live television program (Ms. Clark and Mr. Goodman), or the practice of law (Mr. Gray) – to be available at a moment's notice for depositions that could have easily been noticed and conferred upon months ago.  It is also unreasonable to expect KET's counsel to have waited with baited breath and wide-open schedules for the Libertarians to finally decide to notice depositions.  After not hearing from the Libertarians regarding depositions for close to four and a half months, KET's counsel was more than justified in concluding that the Libertarians did not intend to depose any KET witnesses.  As it stands, KET's counsel have numerous conflicts the week of July 25 that render it impossible to defend the depositions as presently noticed – much less meet with and prepare witnesses.[7]

While KET anticipates that the Libertarians will attempt to blame their delay on KET by pointing to the purported "deficiencies" in KET's production as grounds for extending the deadline, this situation is entirely of the Libertarians' own making.  The Libertarians have complained that KET's production was exceptionally voluminous, that 5,000 of the 8,000 pages were "duplicate materials," and that the materials were not organized.  [*See* July 13, 2016 letter (**Ex. 1**), at 1.]  As a result, the Libertarians contend, it took them "60 days" to review KET's

---

[7] Given the need to coordinate numerous employees' and counsel's busy schedules, KET believes it would take at least a month to schedule and complete the depositions that the Libertarians now demand to take in the space of four days.  Accordingly, in the event the Court allows the Libertarians to take any depositions after the close of discovery – something KET vehemently opposes, and something the Libertarians have not requested – KET respectfully requests that the Court allow the parties – Plaintiffs and Defendants alike – sufficient time to schedule depositions so that the schedules of witnesses are not burdened any more than they already have been.

documents. [*Id.* at 1 n.1.][8]

Even assuming the Libertarians' belated complaints about the form and volume of KET's

production were valid – and they are not – there is simply no reason why the Libertarians could

not have issued the deposition notices long ago.  Every individual whose deposition has been

noticed is either a defendant in this litigation (Mr. Bischoff, Mr. Brower, Ms. Clark, Mr.

Goodman, and Ms. Hopkins) and/or has long been known to be a potential fact witness (Mr.

Gray).  Numerous emails among these individuals were attached as exhibits to the Libertarians'

Complaint – the ***very first document filed in this case***.[9]  The Libertarians cannot credibly

contend that they did not know the identity of these individuals from the outset of their case.[10]

Regardless of their purported reason for delay, the Libertarians cannot proceed with

---

[8] These unfounded complaints are nothing but a way to buy more discovery time, which may be why the Libertarians have not filed a motion to compel with the Court.  KET's discovery responses are not to blame for the Libertarians' untimeliness.  KET produced the documents in date order, and the voluminous production was a direct result of the Libertarians' own wide-ranging discovery requests.  Any "duplicate materials" were the result of (1) the production of email chains, which may have had multiple senders and recipients within KET; and/or (2) documents that may have been retained in both paper and electronic form.  The Libertarians' claim that it took "60 days" to simply review these documents is dubious in light of the fact that KET's counsel received and reviewed the requests, collected the documents, analyzed the documents for responsiveness and privilege, put them in date order, and produced them within the span of six weeks.  Moreover, many of the documents that KET produced, and certainly the ones most relevant to this dispute, had already been produced to the Libertarians in August, 2014 in response to the Libertarians' Open Records Act request.

[9] *See, e.g.*, Compl. Ex. B (DN 1-5) (Jan. 31, 2014 email from M. Brower to T. Gray, copied to D. Clark, T. Bischoff, and B. Goodman); Compl. Ex. E (DN 1-8) (March 5, 2014 email from M. Brower to S. Hopkins); Compl. Ex. S (DN 1-22) (Jun. 5, 2014 email from T. Bischoff to D. Clark, M. Brower, and B. Goodman).

[10] While the Libertarians may argue that they did not want to proceed with depositions before completing their alleged two-and-one-half-month review of KET's documents, nothing precluded them from *noticing* the depositions before completing their review.  Had the Libertarians asked KET in early March (or even early May) for deposition dates in late July to allow the Libertarians sufficient time to review KET's production, KET likely would have been able to accommodate that request.  What KET cannot do is prepare for and defend the depositions of five employees, plus its counsel, in the space of a week – with only the barest advance notice.

depositions that were not noticed in accordance with the Federal Rules. Their belated deposition notices should be stricken.

## II.   The Libertarians Cannot "Double Track" The Depositions Of Multiple Defendants.

The Libertarians' deposition notices are also improper because they require that the depositions of Mike Brower and Deidre Clark proceed simultaneously on July 27 and that the depositions of Tim Bischoff and Shae Hopkins proceed simultaneously on July 28. All four of these deponents are defendants in this case. Courts have long held that parties to a case have a "strong interest" in attending depositions. *See Hines v. Wilkinson*, 163 F.R.D. 262, 266 (S.D. Ohio 1995). Absent a protective order from the Court, "a lawyer has no right to insist that anyone, party or nonparty, be excluded from a deposition." *BCI Comm. Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 157 (N.D. Ala. 1986); *see also Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (holding that, while a court has the authority to exclude a party from a deposition, it "should be ordered rarely indeed").

By noticing multiple defendants' depositions for the same date and time, the Libertarians are wrongfully excluding parties from attending other parties' depositions without *any* cause – much less the "good cause" that would be required to obtain a protective order. As individual-capacity defendants, Mr. Brower and Ms. Clark each have the right to attend the other's deposition if they so desire. The same is true for Mr. Bischoff and Ms. Hopkins. However, the Libertarians' last-minute scheduling has made this impossible. The Libertarians' cannot insist that KET "double track" the depositions of party defendants, and their deposition notices should be struck.

### III.    The KET Employees Depositions Were Noticed For The Wrong Location.

In addition to being untimely and wrongfully requiring simultaneous depositions of parties, the Libertarians' deposition notices are also deficient because they call for the KET employees to be deposed at the Libertarians' counsel's office in Crestview Hills, in Kenton County, Kentucky.  This is improper.  The depositions of the KET employees should have been noticed for Lexington, where they are employed.

The district courts of the Sixth Circuit abide by the general rule that "'in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.'"  *Culver v. Wilson*, 2015 WL 1737779, at *3 (W.D. Ky. Apr. 16, 2015) (quoting *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)).  "While a court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.'"  *Farquhar*, 116 F.R.D. at 72 (quoting 4 *Moore's Federal Practice* Sec 26.70 [1-3], at 26-514).

The Libertarians' counsel's offices are not a "convenient" location for the KET employees.  Mr. Bischoff, Mr. Brower, Ms. Clark, Mr. Goodman, and Ms. Hopkins all work at KET's offices in Lexington, which is more than an hour's drive from Crestview Hills.  It is not "convenient" to ask them to incur two hours of travel time in order to be deposed.  The Libertarians are required to come to KET's witnesses – not the other way around.  This, too, warrants striking the Libertarians' notices of deposition.

### CONCLUSION

The Libertarians could have provided "reasonable notice" of the six depositions they now seek at *any time* from February forward.  They did not do so, instead choosing to wait until the last possible moment in a blatant display of burdensome gamesmanship.  These actions are not

permitted under the Federal Rules, and the Court should not condone them here.   KET respectfully requests that this Court enter a protective order striking the Libertarians' deposition notices.

## CERTIFICATION OF COUNSEL

Pursuant to Fed.R.Civ.P. 26(c)(1) and 37, the undersigned counsel hereby certifies that the movant has in good faith conferred with counsel for the Libertarians regarding the issues giving rise to this discovery dispute in an attempt to resolve the dispute without Court action. Specifically, the Parties conferred on the Libertarians request for an extension of the discovery cutoff deadline.   When Defendants denied the request pursuant to their good faith belief that there is no basis for it, the Libertarians issued the deposition notices and subpoena now at issue. Accordingly, extrajudicial efforts at resolving the current dispute have been unsuccessful.

Respectfully submitted,

/s/ Christopher W. Brooker
Deborah H. Patterson
Christopher W. Brooker
Allison L. Brown
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235
Fax: 502.589.0309
dpatterson@wyattfirm.com
cbrooker@wyattfirm.com
abrown@wyattfirm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 21st day of July, 2016, the foregoing was filed with the clerk using the Court's CM/ECF System, which automatically serves a copy of the foregoing via e-mail upon the following:

Christopher Wiest          (chris@cweistlaw.com)

Jack S. Gatlin             (jgatlin@ffalaw.com)

Brandon N. Voelker         (bnvoelker@msn.com)

Thomas B. Bruns            (tbruns@ffalaw.com)

Robert A. Winter, Jr.   (robertawinterjr@gmail.com)

/s/ Christopher W. Brooker
Christopher W. Brooker
*Counsel for Defendants*

61523184.3

# Exhibit 1
## July 13, 2016 Letter from Counsel for Libertarians

## Brooker, Christopher

| | |
|---|---|
| **From:** | Vicky A. Earhart <vearhart@ffalaw.com> |
| **Sent:** | Wednesday, July 13, 2016 5:31 PM |
| **To:** | Patterson, Deborah; Brooker, Christopher; mark.hurst@skofirm.com |
| **Cc:** | chris@cwiestlaw.com |
| **Subject:** | Libertarian National Committee, et al. v. Holliday, et al. |
| **Attachments:** | Ltr to Wyatt Law firm.pdf |

Please see the attached.



FREUND, FREEZE & ARNOLD ℠
A LEGAL PROFESSIONAL ASSOCIATION

**Vicky A. Earhart**
Legal Secretary to Thomas B.
Bruns, Nicole A. Mitchell and
Arthur P. Schoulties

Website ⬛⬛⬛⬛⬛

Fourth & Walnut Centre          **Direct:**   513.587.3910
105 E. Fourth Street, Suite 1400   **Office:**   513.665.3500
Cincinnati, OH 45202-4035         **Fax:**       513.618.3910
Email: <u>vearhart@ffalaw.com</u>

*IMPORTANT/CONFIDENTIAL: This message contains information from the law firm of Freund, Freeze & Arnold which may be privileged, confidential, and/or exempt from disclosure under applicable law. It is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at our toll-free telephone number, 1-877-FFA-1LAW.



FREUND, FREEZE & ARNOLD
A LEGAL PROFESSIONAL ASSOCIATION
WWW.FFALAW.COM
1-877-FFA-1LAW

Thomas B. Bruns, Esq.
(513) 665-3500 Office Dial
(513) 665-3503 Office Fax
E-mail: tbruns@ffalaw.com

Cincinnati Office

July 13, 2016

Deborah H. Patterson
Christopher Brooker
Wyatt, Tarrant & Combs LLP
500 West Jefferson St., Suite 2800
Louisville, KY 40202

**RE:   Libertarian National Committee, et al. v. Holliday, et al.**

Dear Counselors:

This letter serves as an attempt to obtain complete discovery responses from your clients regarding Plaintiffs' ("the Libertarians") discovery requests directed to KET. This is an attempt to informally resolve the deficiencies in KET's responses and I very much appreciate your anticipated attention to this matter. Further, and in light of those deficiencies, we need a short extension of the discovery cutoff.

In particular, counsel for the Libertarians has now gone through KET's document production which took significantly longer than anticipated due to the voluminous number of copies of the same documents and the lack of any organization to what was produced, in contravention of FRCP 34[1]. In point of fact, while KET produced approximately 8,000 pages of documents, over 5,000 of those pages were duplicate materials. It took a significant amount of time for us to "marry up" documents to determine duplicates versus new documents. In engaging in this process, it became apparent that certain documents were not produced by KET, although no privilege log was provided nor any explanation for the omission.

In particular, in document bates no. KET003600, KET's public file is referenced. However, "the public file" was not produced or designated as such. Please produce it. Similarly, in document bates no. KET005925, a debate survey is referenced. The debate survey itself was not produced. Please product it.

---

[1] We considered an initial deficiency letter due to this issue, but at bottom thought by the time we sent correspondence about it, attempted to resolve it informally, filed motions on it, and otherwise dealt with it in the judicial process, we would be looking at every bit of the 60 days it took us to review the materials in any event. The fact that we did so should not, and does not, waive our objections on this basis.

FIFTH THIRD CENTER
1 SOUTH MAIN STREET
SUITE 1800
DAYTON, OH 45402-2017
937.222.2424
FAX: 937.222.5369

FOURTH & WALNUT CENTRE
105 EAST FOURTH STREET
SUITE 1400
CINCINNATI, OH 45202-4035
513.665.3500
FAX: 513.665.3503

CAPITOL SQUARE OFFICE BUILDING
65 EAST STATE STREET
SUITE 800
COLUMBUS, OH 43215-4247
614.827.7300
FAX: 614.827.7303

CHAMBER OFFICE PARK
2400 CHAMBER CENTER DRIVE
SUITE 200
FT. MITCHELL, KY 41017-1679
859.292.2088
FAX: 859.261.7602



FREUND, FREEZE & ARNOLD
A LEGAL PROFESSIONAL ASSOCIATION

Deborah H. Patterson
Christopher Brooker
July 13, 2016
Page 2

Likewise, personnel from KET had a meeting on June 11, 2014, where candidate participation criteria were discussed with Todd Gray. This is referenced in document bates no. KET003651. No notes from that meeting were produced. Similarly, Todd Gray's document production references a June 16, 2014, conference call wherein the same topics were discussed. This is in document bates no. Gray00074. However, no notes were produced from that conference call. If they exist, they need to be produced. We understand that you have directed Mr. Gray not to produce certain information. We need a privilege log from him, as well, and have copied his counsel on this process.

In response to Plaintiffs' Request for Production No. 3, KET objected to producing any written criteria in effect prior to 2014. KET's objection on the grounds that this request is allegedly vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence is, with all due respect, not appropriate.

Obviously, KET always had an obligation to follow the law in crafting any debate criteria. Further, it is the Libertarians position in this case that the 2014 criteria were changed simply as a pretext to keep David Patterson from participating in the October 13, 2014 debate, where KET previously reached an agreement with the two major party candidates to exclude him. Accordingly, this request clearly meets the standard for discoverable information and the Libertarians have a right to these documents. Moreover, if you are claiming privilege, we believe that was waived when certain emails from 2010 were copied and pasted into 2014 emails between KET and Mr. Gray. Please let me know if a Motion to Compel will be required.

In like manner, KET failed to produce any document after September 27, 2014. Similarly, KET failed to produce a privilege log.[2] There is no legitimate reason why KET should be allowed to withhold discoverable documents merely because such documents were created on or after September 27, 2014. The Libertarians do agree that any documents copied to the Wyatt law firm would be considered privileged and are specifically excepting those from their request. However, that is why a privilege log is necessary in this instance.

Lastly, KET redacted from document bates nos. KET004737 through 4773 certain information without any explanation. The only conceivable basis for the redactions would be due to privilege, and that is not apparent from the documents themselves – in fact, such documents seem to suggest that they were not privileged communications. Please produce unredacted versions of the documents or a privilege log.

---

[2] We are not trying to be difficult, and understand that some materials may have one or more attorneys from your firm involved or copied. If that is the case, and the materials involve the 2014 debate criteria, then we will need to confirm the number of such emails, and which person(s) from your firm were copied.



FREUND, FREEZE & ARNOLD
A LEGAL PROFESSIONAL ASSOCIATION

Deborah H. Patterson
Christopher Brooker
July 13, 2016
Page 3

Thank you again for your anticipated attention to this matter.  I do look forward to hearing from you.  Given the timing concerns, we will need a response not later than July 19, 2016.

There is also the issue of the impending discovery cutoff on July 29, 2016.  We see two options: one, we can agree to an extension to resolve these discovery matters, and so that we can schedule the depositions we need to take.  Or two, we can file a motion with the Court, and then, if it is denied, deal with the issue on appeal.  We think it will be abundantly clear that the production by KET was woefully insufficient, in violation of the Civil Rules, and was responsible for substantial delay.

We want to discuss the scheduling of depositions with you as soon as possible in any event.  I may be reached at 513-312-9890.

Very truly yours,

Freund, Freeze & Arnold

/s/ Thomas B. Bruns
Thomas B. Bruns

TBB:vae
cc:    Chris Wiest
        Mark Hurst

**Exhibit 2**
**July 19, 2016, 11:17 a.m. Email from Counsel for Libertarians**

## Patterson, Deborah

| | |
|---|---|
| **From:** | Chris Wiest <chris@cwiestlaw.com> |
| **Sent:** | Tuesday, July 19, 2016 11:17 AM |
| **To:** | Patterson, Deborah; Brooker, Christopher |
| **Cc:** | 'Thomas B. Bruns'; 'Robert A. Winter, Jr.'; 'Jack Gatlin' |
| **Subject:** | Libertarians v. KET |

Chris and Deborah:

Tom Bruns sent you a letter last week; it noted discovery deficiencies. It also indicated our desire to discuss an extension of the current deadlines to resolve the current dispute and to take depositions. Tom also placed phone calls to you. We have heard nothing back on any front.

Absent some discussion **today** with you on this, we will go ahead towards the end of the day today and unilaterally start noticing depositions for this weekend and next week at our offices. And we will get a subpoena to Todd Gray to appear for a deposition in D.C. We will split those up between the attorneys on our side, and may be conducting more than one at the same time. We hate to operate like this, but we think your silence leaves us little choice. We will, of course, be reserving our rights on each to continue them in process given the fact that we have not received documents responsive to our prior requests.

Best,


Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803


The contents of this email may be privileged and/or confidential and are intended only for their recipients. If you have received this in error, please delete and let the sender know.

**Exhibit 3**
**July 19, 2016, 3:00 p.m. Email and Attached Letter**
**from Counsel for KET**

## Patterson, Deborah

| | |
|---|---|
| **From:** | Brooker, Christopher |
| **Sent:** | Tuesday, July 19, 2016 3:00 PM |
| **To:** | Chris Wiest |
| **Cc:** | 'Thomas B. Bruns'; 'Robert A. Winter, Jr.'; 'Jack Gatlin'; Brown, Allison; Patterson, Deborah |
| **Subject:** | RE: Libertarians v. KET |
| **Attachments:** | letter with attachment.pdf |

Chris,

Your threatening email is both unprofessional and grossly misguided.  Tom asked for a response to his letter forwarded to us last Wednesday evening by today.  Our timely response is attached.  Our letter addresses your clients' frivolous and patently **untimely** claims that Defendants' May 3 discovery responses were insufficient.  It also states that Defendants will not agree to extend the July 31 discovery deadline.

Regarding your email this morning, you say that Defendants have somehow forced you to notice all depositions in this action for this weekend and next week, with many double-booked.  That, of course, is not true.  You could have requested depositions any time since October 2014 and certainly any time since Defendants provided their written discovery responses on May 3.  Whether a tactical decision or mere inattention to your case here, you chose not to.  Instead, two and one half months later with two weeks until the close of discovery, you blow the dust off Defendants' responses and attempt to invent deficiencies that you say entitle you to a discovery extension.  Alternatively, you threaten to unilaterally schedule weekend and double-booked depositions before July 31.  Suffice it to say, the proposed maneuver is improper and a blatant violation of the "reasonable written notice" requirement of FRCP 30(b)(1).   The federal rules provide Defendants protection against the very oppressive actions you threaten here.  Accordingly, if you believe that a discovery extension is warranted to allow you to take the depositions you failed to timely and reasonably notice in this case, you will need to take the matter up with the Court.  We do not believe you are entitled under the rules and the facts to that relief and will vigorously oppose.   We will also defend against any groundless attempt to blame Defendants for your continued failure to prosecute this action.

Chris

## Christopher W. Brooker

Wyatt, Tarrant & Combs, LLP
500 West Jefferson Street
Suite 2800
Louisville KY 40202-2898
Direct: (502) 562-7342
Fax: (502) 589-0309
Email: cbrooker@wyattfirm.com



Louisville | Lexington | Memphis | Nashville | Jackson | New Albany | www.wyattfirm.com





WYATT, TARRANT & COMBS, LLP

500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235
Fax: 502.589.0309

Deborah H. Patterson
502.562.7364
dpatterson@wyattfirm.com

July 19, 2016

**VIA E-MAIL AND FIRST-CLASS MAIL**

Christopher Wiest
Paul Darpel
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, Kentucky  41017

Jack S. Gatlin
Thomas B. Bruns
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Suite 200
Ft. Mitchell, Kentucky  41017

Robert A. Winter, Jr.
P.O. Box 175883
Fort Mitchell, Kentucky  41017-5883

RE:   Libertarian National Committee, et al. v. Holiday, et al.

Dear Counsel:

This is in response to your July 13, 2016 letter in which you demand supplementation of KET's responses to Plaintiffs' ("the Libertarians'") written discovery requests.

Your letter opens by alleging that there was a "lack of any organization to what was produced" by KET. That is not true. At great effort and expense, KET organized and produced over 8,000 pages of documents to the Libertarians in date order.[1]

You also complain that there were a number of duplicate documents. Many of the duplicates were the result of e-mail chains, which automatically result in the duplication of prior e-mails and their attachments. Each e-mail, however, is an independent document that KET is required to produce. Moreover, to the extent an e-mail was sent to/between multiple KET employees, KET produced all copies of the e-mail (and attachments) in its possession. Or, if a document was retained in both paper and electronic form, KET produced both, to ensure a complete production. At bottom, the size of KET's production was a function of the breadth of the Libertarians' demands. Moreover, KET produced the documents in date order to, in part, eliminate any possibility of confusion or delay resulting from the (necessary) production of duplicate documents.

---

[1] KET did not organize documents from a particular date by time (to the extent a time-stamp was available, such as on an e-mail). Such an effort would have been very expensive, burdensome, and of little value. Moreover, some of the documents KET produced did not have a time stamp.



Christopher Wiest
Jack S. Gatlin
Robert A. Winter, Jr.
July 19, 2016
Page 2

You next observe that "in document bates no. KET003600, KET's public file is referenced" but was not produced, and you now demand production of the file. Your demand is improper. KET did not produce a copy of its FCC "public file" because it is not responsive to any of the Libertarians' written discovery requests. The fact that KET produced a document referencing another file does not mean that KET must produce that other file. KET produced all documents in its possession, custody, or control responsive to the Libertarians' requests for production. That said, to the extent the Libertarians want to review KET's "public files," they are available for inspection at http://www.ket.org/ket-public-files/.

You next state that document KET005925 references a "debate survey," and demand the production thereof. We have reviewed document KET 005925 and it does not reference a "debate survey." To the extent a document does reference a "debate survey," we do not know which one it is. If you can refer us to a document that references a "debate survey" we are happy to look into it further.

You next complain that "personnel from KET had a meeting on June 11, 2014, where candidate participation criteria were discussed with Todd Gray. This is referenced in document bates no. KET 003651. No notes from that meeting were produced." You are mistaken. KET produced numerous copies of Mike Brower's detailed notes from that meeting, along with comments on those notes provided by Deidre Clark, Tim Bischoff, and Todd Gray. *See* KET 004022-004094. KET is unaware of any other notes from that meeting. Accordingly, KET's production is complete.

You next demand copies of KET's "written criteria" prior to 2014. Your demand is unwarranted. First, this case does not concern criteria in place prior to 2014. From the outset of this case the Libertarians have indicated that they do not take issue with the criteria that KET adopted and used during the 2014 primary elections. The Libertarians' complaint is that those same criteria were not used to determine invitations to the October 13, 2014 edition of *Kentucky Tonight*, which concerned the general election. Accordingly, the criteria used prior to 2014 are wholly irrelevant to this dispute. Second, KET's response to Interrogatory No. 4 explains the invitation criteria KET used prior to 2014, as KET did not employ "written criteria" prior to 2014. Accordingly, KET's objections and response to RFD No. 3 (which specifically references KET's answer to Interrogatory No. 4) are entirely proper.

You next complain that KET did not produce any document generated after the Libertarians filed their lawsuit on September 28, 2014. KET did not do so because such



**WYATT, TARRANT & COMBS, LLP**

Christopher Wiest
Jack S. Gatlin
Robert A. Winter, Jr.
July 19, 2016
Page 3

documents are not reasonably calculated to lead to the discovery of admissible evidence. As Mr. Wiest explained in his June 1, 2016 letter to us:

> Any complaints or statements that are after the setting of KET's invitation criteria, by mid-August 2014, are completely irrelevant to the question of whether or not KET engaged in constitutional violations, including viewpoint discrimination. The criteria had been set.

Despite Mr. Wiest's claim that documents generated after mid-August 2014 are irrelevant, KET produced responsive documents up through and including the date the Libertarians filed suit on September 28, 2014, just to ensure that it had produced all potentially relevant documents.

We also note that the Libertarians repeatedly refused, and continue to refuse, to produce their communications concerning the 2016 Libertarian presidential debate on grounds that documents generated after mid-August, 2014 have nothing to do with this case. The Libertarians continue to take this position despite the fact that Shawna Sterling, who was also a candidate in the 2014 U.S. Senate race, and who the Libertarians claim was unconstitutionally excluded from the October 13, 2014 edition of *Kentucky Tonight*, was also excluded from the 2016 Libertarian presidential debate. Suffice it to say, the Libertarians' rationale for refusing to produce those documents applies equally to all parties.

You also complain that KET redacted portions of documents KET004737 through KET 004773. KET did so because the redacted communications were made after the Libertarians had filed their lawsuit, and therefore are irrelevant to this case. That said, without waiving any previously asserted objection, KET is producing non-redacted copies of those documents herewith in order to avoid any further dispute as to these documents.

Finally, you have demanded a privilege log. This is surprising, as KET previously demanded a privilege log from the Libertarians, but the Libertarians refused to produce one. In fact, Mr. Wiest stated the following in his June 1, 2016 letter:

> We decline, at this juncture, to produce a privilege log for communications with counsel as contained above, because we have a fundamental disagreement over relevance.



WYATT, TARRANT & COMBS, LLP

Christopher Wiest
Jack S. Gatlin
Robert A. Winter, Jr.
July 19, 2016
Page 4

KET likewise declines your request for a privilege log. What is good for the goose is good for the gander. Moreover, such a log is unnecessary here, as KET produced *all* of its communications with Mr. Gray generated in connection with KET's drafting and adoption of the 2014 criteria. If you accept as true your contention that all documents relevant to this case were generated during or before mid-August 2014, KET has no privileged documents to log.

Finally, KET will not extend the agreed-upon deadline for discovery, as there is no justification for such an extension. Expedited discovery was taken at the outset of this case and a full evidentiary hearing has already been held. Discovery has been open for nearly two years now, and the parties agreed in February on the July 31, 2016 discovery cutoff date. KET has fully participated in discovery and fully responded to all of the Libertarians' requests. Any attempt to extend discovery at this eleventh-hour is baseless, and KET will vigorously oppose any such motion.

Sincerely,

WYATT, TARRANT & COMBS, LLP

Deborah H. Patterson

cc:     Mark Hurst
        Christopher W. Brooker
        Allison Brown

61521694.1

**Exhibit 4**
**July 19, 2016, 4:08 p.m. Email and Attached Deposition Notices**
**from Counsel for Libertarians**

## Patterson, Deborah

| | |
|---|---|
| **From:** | Chris Wiest <chris@cwiestlaw.com> |
| **Sent:** | Tuesday, July 19, 2016 4:08 PM |
| **To:** | Brooker, Christopher; Patterson, Deborah |
| **Cc:** | 'Thomas B. Bruns'; 'Jack Gatlin'; 'Robert A. Winter, Jr.' |
| **Subject:** | Notices of Deposition |
| **Attachments:** | NoticeDepoGray7-19-16.pdf; NoticeDepoBischoff7-19-16.pdf; NoticeDepoHopkins7-19-16.pdf; NoticeDepoGoodman7-19-16.pdf; NoticeDepoBrower7-19-16.pdf; NoticeDepoClark7-19-16.pdf |
| | |
| **Importance:** | High |

Please see attached.

Hard copy following by ordinary mail.  We have a subpoena going out to Mr. Gray.

Best,

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803

The contents of this email may be privileged and/or confidential and are intended only for their recipients.  If you have received this in error, please delete and let the sender know.

1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT
CASE NO. 14-cv-63-GFVT

LIBERTARIAN NATIONAL COMMITTEE, INC.,                    **PLAINTIFFS**
ET AL.

VS.

DR. TERRY HOLIDAY, ET AL.                                 **DEFENDANTS**

---

### NOTICE OF DEPOSITION

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of

**Todd Gray**, commencing on July 29, 2016, at 1025 Connecticut Ave, STE 1000, Farragut

Square, Washington, D.C., 20036, commencing at 10:00 a.m., before an officer authorized to

administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT
CASE NO. 14-cv-63-GFVT

LIBERTARIAN NATIONAL COMMITTEE, INC.,                    **PLAINTIFFS**
ET AL.

VS.

DR. TERRY HOLIDAY, ET AL.                                **DEFENDANTS**

---

### NOTICE OF DEPOSITION

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of

**Mike Brower**, commencing on July 27, 2016, at the offices of Plaintiffs' Counsel, 25 Town

Center Blvd, STE 104, Crestview Hills, KY 41017, commencing at 9:00 a.m., before an officer

authorized to administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by

electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT FRANKFORT**
**CASE NO. 14-cv-63-GFVT**

LIBERTARIAN NATIONAL COMMITTEE, INC.,                    **PLAINTIFFS**
ET AL.

VS.

DR. TERRY HOLIDAY, ET AL.                                **DEFENDANTS**

---

### NOTICE OF DEPOSITION

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of **Tim Bischoff**, commencing on July 28, 2016, at the offices of Plaintiffs' Counsel, 25 Town Center Blvd, STE 104, Crestview Hills, KY 41017, commencing at 9:00 a.m., before an officer authorized to administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by

electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### AT FRANKFORT
### CASE NO. 14-cv-63-GFVT

LIBERTARIAN NATIONAL COMMITTEE, INC.,          **PLAINTIFFS**
ET AL.

VS.

DR. TERRY HOLIDAY, ET AL.                      **DEFENDANTS**

---

## NOTICE OF DEPOSITION

---

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of

**Deidre Clark**, commencing on July 27, 2016, at the offices of Plaintiffs' Counsel, 25 Town

Center Blvd, STE 104, Crestview Hills, KY 41017, commencing at 9:00 a.m., before an officer

authorized to administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by

electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT
CASE NO. 14-cv-63-GFVT**

**LIBERTARIAN NATIONAL COMMITTEE, INC.,**                      **PLAINTIFFS**
**ET AL.**

**VS.**

**DR. TERRY HOLIDAY, ET AL.**                                 **DEFENDANTS**

---

### NOTICE OF DEPOSITION

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of

**Shae Hopkins**, commencing on July 28, 2016, at the offices of Plaintiffs' Counsel, 25 Town

Center Blvd, STE 104, Crestview Hills, KY 41017, commencing at 9:00 a.m., before an officer

authorized to administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by

electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff,*

2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT FRANKFORT**
**CASE NO. 14-cv-63-GFVT**

**LIBERTARIAN NATIONAL COMMITTEE, INC.,**  **PLAINTIFFS**
**ET AL.**

**VS.**

**DR. TERRY HOLIDAY, ET AL.**  **DEFENDANTS**

---

### NOTICE OF DEPOSITION

---

Please take notice that Plaintiffs, by and through counsel, shall take the deposition of **Bill Goodman**, commencing on July 26, 2016, at the offices of Plaintiffs' Counsel, 25 Town Center Blvd, STE 104, Crestview Hills, KY 41017, commencing at 9:00 a.m., before an officer authorized to administer oaths and will be recorded by stenotype.[1]

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Robert A. Winter, Jr.
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas Bruns

---

[1] Plaintiffs note that there are current discovery disputes over documents produced by Defendants; in the event that further documents are ordered to be produced, they reserve the right to re-open and continue this deposition in progress.

Thomas B. Bruns (KBA 84985)
FREUND, FREEZE & ARNOLD
Chamber Office Park
2400 Chamber Center Drive, Ste 200
Ft. Mitchell, KY 41017
Phone: (859) 292-2088
Fax: (859) 261-7602
jgatlin@ffalaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all parties and/or counsel of record, by

electronic mail and ordinary mail, this 19th day of July, 2016.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

*Counsel for Plaintiff*

2

**Exhibit 5**
**July 19, 2016, 7:06 p.m. Email and Attached Letter**
**from Counsel for Libertarians**

## Patterson, Deborah

| | |
|---|---|
| **From:** | Chris Wiest <chris@cwiestlaw.com> |
| **Sent:** | Tuesday, July 19, 2016 7:06 PM |
| **To:** | Brooker, Christopher; Patterson, Deborah |
| **Cc:** | 'Thomas B. Bruns'; 'Robert A. Winter, Jr.'; 'Jack Gatlin'; Brown, Allison |
| **Subject:** | RE: Libertarians v. KET |
| **Attachments:** | LetterBrooker7-19-16.pdf |
| **Importance:** | High |

Please see attached.

Your assertions about discovery or depositions since October, 2014, is patently false. You know as much – there was no FRCP 26 conference, and therefore no discovery permitted under FRCP26(e).

I suppose we will have to take the deficiency and extension issues up with the Court. I take your response below to indicate that there is no further discussion on this issue, and therefore believe we have exhausted extra-judicial measures. In the event that I am mistaken, please let me know immediately and in any event not later than noon tomorrow, and we can discuss the deficiencies and scheduling tomorrow.

As you know, we have noticed depositions for next week, which we believe, under the facts and circumstances, is reasonable notice. We can have a fight about that too.

Best,


Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803

The contents of this email may be privileged and/or confidential and are intended only for their recipients. If you have received this in error, please delete and let the sender know.

**From:** Brooker, Christopher [mailto:cbrooker@wyattfirm.com]
**Sent:** Tuesday, July 19, 2016 3:00 PM
**To:** Chris Wiest <chris@cwiestlaw.com>
**Cc:** 'Thomas B. Bruns' <tbruns@ffalaw.com>; 'Robert A. Winter, Jr.' <robertawinterjr@gmail.com>; 'Jack Gatlin' <jgatlin@gatlinvoelker.com>; Brown, Allison <abrown@wyattfirm.com>; Patterson, Deborah <dpatterson@wyattfirm.com>
**Subject:** RE: Libertarians v. KET

Chris,

Your threatening email is both unprofessional and grossly misguided. Tom asked for a response to his letter forwarded to us last Wednesday evening by today. Our timely response is attached. Our letter addresses your clients' frivolous and patently untimely claims that Defendants' May 3 discovery responses were insufficient. It also states that Defendants will not agree to extend the July 31 discovery deadline.

Regarding your email this morning, you say that Defendants have somehow forced you to notice all depositions in this action for this weekend and next week, with many double-booked. That, of course, is not true. You could have requested depositions any time since October 2014 and certainly any time since Defendants provided their written discovery responses on May 3. Whether a tactical decision or mere inattention to your case here, you chose not to. Instead, two and one half months later with two weeks until the close of discovery, you blow the dust off Defendants' responses and attempt to invent deficiencies that you say entitle you to a discovery extension. Alternatively, you threaten to unilaterally schedule weekend and double-booked depositions before July 31. Suffice it to say, the proposed maneuver is improper and a blatant violation of the "reasonable written notice" requirement of FRCP 30(b)(1). The federal rules provide Defendants protection against the very oppressive actions you threaten here. Accordingly, if you believe that a discovery extension is warranted to allow you to take the depositions you failed to timely and reasonably notice in this case, you will need to take the matter up with the Court. We do not believe you are entitled under the rules and the facts to that relief and will vigorously oppose. We will also defend against any groundless attempt to blame Defendants for your continued failure to prosecute this action.

Chris

**Christopher W. Brooker**
Wyatt, Tarrant & Combs, LLP
500 West Jefferson Street
Suite 2800
Louisville KY 40202-2898
Direct: (502) 562-7342
Fax: (502) 589-0309
Email: cbrooker@wyattfirm.com



Louisville | Lexington | Memphis | Nashville | Jackson | New Albany | www.wyattfirm.com



**From:** Chris Wiest [mailto:chris@cwiestlaw.com]
**Sent:** Tuesday, July 19, 2016 11:17 AM
**To:** Patterson, Deborah; Brooker, Christopher
**Cc:** 'Thomas B. Bruns'; 'Robert A. Winter, Jr.'; 'Jack Gatlin'
**Subject:** Libertarians v. KET

Chris and Deborah:

Tom Bruns sent you a letter last week; it noted discovery deficiencies. It also indicated our desire to discuss an extension of the current deadlines to resolve the current dispute and to take depositions. Tom also placed phone calls to you. We have heard nothing back on any front.

Absent some discussion **today** with you on this, we will go ahead towards the end of the day today and unilaterally start noticing depositions for this weekend and next week at our offices. And we will get a subpoena to Todd Gray to appear for a deposition in D.C. We will split those up between the attorneys on our side, and may be conducting more than one at the same time. We hate to operate like this, but we think your silence

leaves us little choice. We will, of course, be reserving our rights on each to continue them in process given the fact that we have not received documents responsive to our prior requests.

Best,


Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803


The contents of this email may be privileged and/or confidential and are intended only for their recipients. If you have received this in error, please delete and let the sender know.

=================================================================================

The information contained in this transmission is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this information,
do not review, retransmit, disclose, disseminate, use, or take any action in reliance upon this information. If you received this transmission in error, please contact the sender immediately, destroy all printed copies, and delete the material from all computers.
=================================================================================
====

# Chris Wiest Attorney at Law, PLLC

For purposes of the current dispute, we are willing to agree to October 8, 2016 as an appropriate cut-off point, provided there are not later communications that specifically reference the 2014 debate criteria or debate. If there are such documents, we need to see those (unless they are privileged because some member of your firm is involved in the communication chain). If you decline to produce these documents, we need to see a privilege log for them.

As an aside, we produced all non-privileged materials that were within our clients' custody, possession, or control, even those that occurred on or after September 28, 2016 (and October 8, 2016), which related to the 2014 debate criteria. We expect the same in return.

As for documents predating 2014 on debate criteria, those documents are relevant because they outline what KET knew, when it knew it, and has relevance on the setting of the 2014 debate criteria. For instance, if there are e-mails in 2010 where Mr. Gray gives the advice that it is important to invite all candidates under one set of criteria, those documents have deep relevance to KET's knowledge, and its actions in 2014, whereby the criteria were changed. We are entitled to see those e-mails, because they have a bearing on KET's knowledge.

Conversely, if KET has documents relating to debates held in 2015 or 2016, that do not reference the 2014 debate criteria, then we would agree that they would not have relevance to the current questions before the Court. We took this position on a 2016 debate in which the LNC was not involved in setting criteria, inviting candidates, or at all otherwise involved other than announcing it to the public after it was set. If the 2014 KET debates were mentioned in the communications at issue, we may feel differently – but they were not.

One final note: your communications that relate to the 2014 U.S. Senate Debate, unlike Plaintiffs', touch on key issues involving the questions of immunity before the Court. What Plaintiffs thought or believed has no relevance; what Defendants knew or thought has direct relevance to the questions before the Court.

2. "Debate survey" (5925)

We will follow up under separate cover tomorrow for this issue.

3. Privilege log and T. Gray communications

We are not asking for a privilege log for those communications that involve your client and any member of your firm (Wyatt firm). We are asking for a privilege log of communications with Mr. Gray in which Wyatt was not involved, that relate to the 2014 debates, or involve advice he gave prior to 2014, which ostensibly has a bearing into what KET, when it knew it, and has relevance on the setting of the 2014 debate criteria.

We continue to object to any withholding of communications between KET and Mr. Gray, related to the 2014 U.S. Senate debate, and in which a member of Wyatt was not in the communication loop.

# Chris Wiest Attorney at Law, PLLC

In the same vein, we have declined to produce a privilege log for communications with our firms, or the ACLU in connection with the potential litigation. There is no goose/gander here. If there are no documents to log, because all of the communications involve your firm, so be it. Just confirm that for us.

4.  Formatting and production

You have noted that separate email chains are separate documents. That is true. We were not counting them as the same document. Rather, your production involved the same exact e-mail, sometimes in as many as three to five copies. And, contrary to your statements, they were not produced in dated order. If you copied documents from different sources, they should have been identified in separate folders. Obviously, this is not how they were kept in the ordinary course of business. This failure added at least an entire month onto our review process.

5.  Non-waiver as to other items

We are not going to press remaining issues at this time; we do not believe further issues are absolutely essential to taking the depositions we need to take, wrapping up discovery on the bifurcated issues and briefing the questions before the Court. That said, we are not waiving the right to seek additional materials in the future.

## CONCLUSION

We believe we have addressed the issues in your correspondence. Given timing issues, we would like to schedule a telephone call to see if we can resolve, extrajudicially, our dispute tomorrow morning. Barring that, we believe we have exhausted our extra-judicial options.

I am disheartened about your position on an extension of discovery. As you are aware, we have already noticed the depositions in question. On March 23, 2016, when I gave you a discovery extension, I specifically noted in that e-mail that:

> This will confirm that the extension is okay with us. We presume that, if it is necessary to extend deadlines on the back end, because we cannot get depositions scheduled (something that I think is fairly unlikely) that there will not be an issue with that.

Here we are, and disappointingly, but unsurprisingly, you take the position you take. I suppose we need to, and will take, this issue up with the Court.

# Chris Wiest Attorney at Law, PLLC

Very truly yours,

Christopher Wiest

Cc: Hon. Robert A. Winter, Jr.
Hon. Tom Bruns
Hon. Jack Gatlin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., et al. | ) ) ) |
| PLAINTIFF | ) ) |
| v. | ) CIVIL ACTION 3:14-cv-00063-GFVT ) ) |
| DR. TERRY HOLIDAY, et al. | ) ) |
| DEFENDANTS | ) |

## PROTECTIVE ORDER

Defendants (collectively, "**KET**"), having moved this Court pursuant to Fed. R. Civ. P. 26(c)(1) for a protective order striking the deposition notices issued by Plaintiffs (collectively, "**the Libertarians**") for the four remaining individual Defendants, Bill Goodman, and attorney Todd Gray, and all parties having been heard,

IT IS HEREBY ORDERED that KET's Motion is GRANTED.

The Court grants KET's motion because the deposition notices, which the Libertarians served a mere six to ten days in advance of the depositions they scheduled, and just ten days before the close of discovery, did not provide "reasonable notice" of the depositions as required by Fed. R. Civ. P. 30(b)(1). The Libertarians' deposition notices also require the depositions of several party defendants to be conducted simultaneously, which is an impermissible violation of a party's basic right to be present at all depositions in a case. The notices are further deficient because they improperly demand that KET's employees travel to the Libertarians' counsel's office in Kenton County, Kentucky, rather than in Lexington, where the KET employees are located.

Accordingly, the deposition notices for the four remaining individual Defendants, Bill Goodman, and attorney Todd Gray are hereby STRICKEN.

61523867.1

# Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Kentucky

| Libertarian National Committee, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Dr. Terry Holiday, et. al. | ) |
| *Defendant* | ) |

Civil Action No. 3:14-cv-00063-GFVT

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Todd Gray, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Law Offices of Oliver Hall, Esq.<br>1835 16th Street, N.W. #5<br>Washington, D.C. 20009 | Date and Time:<br><br>04/11/2016 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/12/2016

| CLERK OF COURT | | |
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Libertarian National Commitee, Inc., Libertarian Party of Kentucky, and David Patterson , who issues or requests this subpoena, are:

Christopher Wiest, 25 Town Center Blvd, STE 104, Crestview Hills, KY 41017

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:14-cv-00063-GFVT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Todd Gray, Esq.

on *(date)*     03/12/2016     .

❏ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>EXHIBIT A – SUBPOENA</u>

## <u>I.</u>   <u>DEFINITIONS</u>

1.      "And" and "or" as used herein are both conjunctive and disjunctive.

2.      "Any" shall be construed to include "all" and "all" shall be construed to include the word "any."

3.      "Communication" shall mean any conversation or other oral or written contact, formal or informal, at any time or place, during which information of any nature was transmitted.   "Communication" includes, but is not limited to, meetings, telephone conversations, discussions, memoranda, correspondence, e-mail, and oral requests for information.

4.      As used in this subpoena, the term "writing(s)" or "document(s)" shall mean every document (as defined in Fed. R. Civ. P. 34) in the possession, custody, or control of you, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following:   correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs or literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise

1

agreements, licenses, leases, insurance policies and riders, or options; proposals or diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledges, balance sheets, profit and loss statements, computer print-outs and notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; note pads, tabulations, data compilations, calculations, or computations; schedules or drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; print-outs or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon. A draft or non-identical copy is a separate document within the meaning of this term.

5.    "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

6.     "Employee," "trustee," "agent," "consultant," or "representative," shall mean any person serving, acting or being in such capacity at a relevant time even if such person may no longer be acting in that capacity.

7.     "Relating to" or "related to" or "regarding" or "concerning" or shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) referring to, concerning, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, or prepared as a result of, reflecting directly or indirectly, mentioning or describing, pertaining to or being connected with the matter at issue in any manner logically, factually, directly or indirectly.

8.     "Defendants" shall mean Shae Hopkins, Mike Brower, Tim Bischoff, William Goodman, Deidre Clark, Dr. Terry Holiday, David Couch, Rusty Cheuvront, Donna Moore Campbell, Hilma Prather, Dr. Suvas Desai, Heidi Margulis, Angela Caine, and Laura Ladd, collectively and/or individually, as well as KET or KAET.

11.     "KET" means Kentucky Educational Television.

12.     "KAET" means Kentucky Authority for Educational Television.

13.     The terms "person" or "persons" refer to any natural person, firm, corporation, company, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

## II.   INSTRUCTIONS

14.     When a subpoena for documents is objectionable only in part, such objections shall be so limited and the remainder of the interrogatory or request answered completely and accurately. Each objection must specifically state the extent of the objection and all reasons for which such objection is raised.

15.     If you claim privilege as a ground for not answering any subpoena request, in whole or in part, or for not producing any requested document, you shall describe the factual basis for the claim of privilege with sufficient detail so as to permit the Court to adjudicate the validity of the claim. Furthermore, you shall identify and list all documents or communications requested but withheld from production on the ground of privilege. All such documents or communications shall be retained intact pending a ruling by the Court on any claim of privilege. Each document or communication shall be identified by:

(a)     the names and titles of all authors and recipients;

(b)     the date the document or communication was prepared;

(c)     then name and title of each person who had access to or custody of the document or communication;

(d)     a general description of the subject matter and nature of the document or communication;

(e)     the present custodian;

(f)     the subject matter and nature of the privilege claimed; and

(g)     if the attorney-client privilege is claimed, the date when the alleged attorney-client relationship arose.

16.     If any document was, but no longer is, in your possession, subject to your custody or control, or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g., letter, memoranda, telegram,

4

chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

17.     All documents are to be produced that are within your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.  If a request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

18.     More than one paragraph of this request may ask for the same document.  The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.  Where a document responds to more than one numbered paragraph, only one copy of it need be produced.

19.     If you do not clearly understand, or have any questions about the definitions, instructions, or any discovery request, please contact the undersigned counsel promptly for clarification.

### III.     SUBPOENA *DUCES TECUM* REQUESTS

**REQUEST FOR PRODUCTION 1:**     Produce each and every document, communication, or e-mail that involves any communication, including legal advice, by and between Mr. Todd Gray, Esq. and KET, KAET, or any of their employees, agents, or officers, including invoices, e-mails, documents, or other materials, that references or relates to the creation, selection, promulgation, publication, preparation, adoption, or enforcement of **candidate debate criteria for televised debates or candidate forums or the Libertarian Party**, at any time from **January 1, 2000 to the present.**[1]

**ANSWER:**

---

[1] The undersigned understand that these materials may normally be subject to the attorney client and/or work product privileges. However, KET and KAET has waived the privilege as to this subject matter by voluntarily providing these materials via an open records request to the Plaintiffs. For legal invoices and other materials that may involve more than one subject matter, please feel free to redact those items that do not involve the waived subject matter.

**REQUEST FOR PRODUCTION 2:**        Produce each and every public presentation or public publication (including newsletters, public speeches, etc.). by Mr. Todd Gray that relates to or references **candidate debate criteria for televised debates or candidate forums, including the pre-establishment or changing thereof**, at any time from **January 1, 2000 to the present**.

**ANSWER:**

**REQUEST FOR PRODUCTION 3:**        Produce each and every public presentation or public publication (including newsletters, public speeches, etc.). by Mr. Todd Gray that relates to or references **viewpoint discrimination**, at any time from **January 1, 2000 to the present**.

**ANSWER:**

**REQUEST FOR PRODUCTION 4:**        Produce each and every document, communication, or e-mail that in any way discusses the Libertarian Party, or any Libertarian candidate or office holder, by any Defendant, or other employee, officer, or agent of KET or KAET, from January 1, 2006 to the present.

**ANSWER:**

# Exhibit 3



**STOLL
KEENON
OGDEN**
PLLC

2000 PNC PLAZA
500 WEST JEFFERSON STREET
LOUISVILLE, KY 40202-2828
MAIN: (502) 333-6000
FAX: (502) 333-6099

**MARK T. HURST**
DIRECT DIAL: (502) 560-4236
DIRECT FAX: (502) 627-8732
mark.hurst@skofirm.com

March 25, 2016

***Via Regular Mail and email:***
chris@cwiestlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd.
Suite 104
Crestview Hills, KY 41017

**RE:** *Libertarian National Committee, Inc. v. Dr. Terry Holiday, et al.*, Civil Action No. 3:14-cv-00063-GFVT, United States District Court for the Eastern District of Kentucky

**Written Objections to the Subpoenas *Duces Tecum* to Todd Gray, Esq. and Gray Miller Persh LLP**

Dear Mr. Wiest:

This firm represents Todd Gray, Esq. and Gray Miller Persh LLP, and for that reason, the two subpoenas you served on Mr. Gray and his firm (collectively hereafter, "Mr. Gray") on March 12, 2016 in the above-referenced matter were forwarded to me. Please direct any subsequent correspondence relating to Mr. Gray's involvement in the above-referenced matter to my attention.

The subpoena states that Mr. Gray is to produce the following on or before April 11, 2016:

(1)     Produce each and every document, communication, or e-mail that involves any communication, including legal advice, by and between Mr. Todd Gray, Esq. and KET, KAET, or any of their employees, agents, or officers, including invoices, e-mails, documents, or other materials, that references or relates to the creation, selection, promulgation, publication, preparation, adoption, or enforcement of **candidate debate criteria for televised debates or candidate forums or the Libertarian Party**, at any time from **January 1, 2000 to the present.**

(2)     Produce each and every public presentation or public publication (including newsletters, public speeches, etc.) by Mr. Todd Gray that relates to or references

Christopher Wiest, Esq.
March 25, 2016
Page 2

              **candidate debate criteria for televised debates or candidate forums, including the pre-establishment or changing thereof,** at any time from **January 1, 2000 to the present.**

(3)      Produce each and every public presentation or public publication (including newsletters, public speeches, etc.) by Mr. Todd Gray that relates to or references **viewpoint discrimination,** at any time from **January 1, 2000 to the present.**

(4)      Produce each and every document, communication, or e-mail that in any way discusses the Libertarian Party, or any Libertarian candidate or office holder, by any Defendant, or other employee, officer, or agent of KET or KAET, from January 1, 2006 to the present.

In footnote 1 of your request, you acknowledge that the materials requested above are subject to the attorney-client privilege and/or attorney work product doctrine; however, you proceed to maintain that Kentucky Educational Television and Kentucky Association of Educational Television (collectively, "KET") waived these privileges as to the above subject matter by "voluntarily providing these materials via an open records request to the Plaintiffs." Note, while Stoll Keenon Ogden PLLC ("SKO") was not involved in this action at the time of the production (pursuant to the Open Records Act request), and therefore is not presently in a position to weigh in on the issue of waiver, we would direct your attention to the enclosed letter we received from Chris Brooker of Wyatt, Tarrant & Combs, LLP, counsel for KET.

As Mr. Brooker explains in his letter, KET acknowledges that its production might be viewed as a limited subject matter waiver of the privilege, and KET is thus willing to proceed as though KET waived the privilege protecting certain communications. With that in mind, KET authorizes Mr. Gray to produce communications between Mr. Gray and KET concerning KET's candidate invitation criteria applying to elections in 2014. This notwithstanding, Mr. Brooker affirmatively states that KET has not waived (and will not waive) its privilege as to any other subject matter, and as a result, KET has instructed Mr. Gray to object to the production of any documents responsive to the subpoena that are beyond the communications concerning KET's candidate invitation criteria applying to elections held in 2014.

Independent of Mr. Brooker's letter, we have reviewed your requests and believe they are objectionable, including requests that call for the production of documents that Mr. Gray would have created or obtained in the course of his representation of KET. Therefore, in accordance with Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure ("FRCP"), Mr. Gray asserts the below written objections to the subpoena.

1.      Mr. Gray objects to the subpoena to the extent its requests seek information that exceeds the scope of discovery as limited by FRCP 26(b)(1).

2.      Mr. Gray objects to the short timeframe within which they are purportedly required to respond to the subpoena by locating and identifying responsive documents for production.

Christopher Wiest, Esq.
March 25, 2016
Page 3

3.      Mr. Gray objects to the requests in the subpoena as being vague, overly broad and
        unduly burdensome, especially as to the categories of documents requested, (e.g.,
        Libertarian Party, the pre-establishment or changing of candidate debate criteria
        for televised debates, viewpoint discrimination), and the absence of a reasonable
        temporal limitation as the requests span 10 or 16 years.

4.      Mr. Gray objects to the production of documents responsive to the subpoena to
        the extent any such documents are protected from discovery by the attorney-client
        privilege and/or the attorney work product doctrine.  In accordance with FRCP
        45(e)(2)(A)(i) and (ii), Mr. Gray objects to producing numerous privileged
        communications between them and their clients, including but not limited to KET,
        for the time periods requested.  Moreover, Mr. Gray objects to being required to
        produce a more detailed "privilege log," at least at this time, given the short
        timeframe given for responding to the subpoenas *duces tecum*, the breadth of the
        subpoenas' requests, the obvious attorney-client privileged and/or attorney work
        product nature of the majority of the documents, and the likely number of such
        documents.

5.      Mr. Gray objects to the production of documents responsive to the subpoena
        based on the confidential nature of many responsive documents, especially those
        in response to Request Nos. 1 and 4.  The responsive documents may qualify for
        confidential treatment under one, some, or all of the following: (a) the Federal
        Rules of Civil Procedure or similar court rules addressing confidential
        information; (b) any Federal, Kentucky or District of Columbia statutes or
        regulations addressing privacy or confidentiality issues; and/or (c) the Rules of
        Professional Conduct.

6.      Further as to the Rules of Professional Conduct, Mr. Gray would need their
        client's informed consent before they could reveal any information relating to the
        representation of a client.   Such rules provide that Mr. Gray may reveal
        information relating to the representation to the extent they reasonably believe it
        necessary to comply with other law or court order; however, Mr. Gray is also
        obligated to object and/or move to quash the subpoena before providing any such
        information.

        Mr. Gray has not yet had an opportunity to identify, collect and review the non-privileged
documents responsive to these requests, and Mr. Gray reserves the right to lodge further
objections to the requests as presently set forth in the subpoena.  Mr. Gray has also not had
sufficient time to identify the privileged and otherwise protected documents and to create a
"privilege log" of such documents.

        With our having made these objections on Mr. Gray's behalf, it will be necessary for you
to first obtain a court order under FRCP 45(d)(2)(B) before you are entitled to inspect and copy
any non-privileged responsive documents in Mr. Gray's possession, with the exception of the
category of documents referenced in Mr. Brooker's letter, i.e., communications between Mr.
Gray and KET concerning KET's candidate invitation criteria applying to elections held in 2014,

Christopher Wiest, Esq.
March 25, 2016
Page 4

for which Mr. Gray has KET's consent to produce.  Mr. Gray would also be willing to consider producing a more limited date range of non-privileged documents responsive to Request Nos. 2 and 3, to the extent such non-privileged documents exist and are demonstrated to be relevant under FRCP 26(b)(1), if we can agree upon a more reasonable, relevant date range, and agree upon a more reasonable production deadline.

Should you wish to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Mark T. Hurst

MTH

cc:    Todd Gray, Esq.

119911.154349/1336863.1

Exhibit 4



**STOLL
KEENON
OGDEN**
PLLC

2000 PNC PLAZA
500 WEST JEFFERSON STREET
LOUISVILLE, KY 40202-2828
MAIN: (502) 333-6000
FAX: (502) 333-6099

**MARK T. HURST**
DIRECT DIAL: (502) 560-4236
DIRECT FAX: (502) 627-8732
mark.hurst@skofirm.com

May 2, 2016

***Via Regular Mail and email:***
chris@cwiestlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd.
Suite 104
Crestview Hills, KY 41017

**RE:**   *Libertarian National Committee, Inc. v. Dr. Terry Holiday, et al.*, Civil Action No. 3:14-cv-00063-GFVT, United States District Court for the Eastern District of Kentucky

**Documents Produced Pursuant to the Subpoenas *Duces Tecum* to Todd Gray, Esq. and Gray Miller Persh LLP**

Dear Mr. Wiest:

Enclosed for production are non-privileged documents that are responsive to the subpoenas you caused to be served on Todd Gray, Esq. and Gray Miller Persh LLP.  The documents are bates stamped **Gray 000001 – Gray 000094**.  Also enclosed is a letter from Christopher Brooker, counsel for KET, maintaining KET's objection to the production of any documents covered by the attorney-client privilege that go beyond the scope of KET's limited subject matter privilege waiver.  The enclosed production is therefore produced in accordance with the instructions provided by KET who, as the client of Mr. Gray and Gray Miller Persh LLP, holds the privilege.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Mark T. Hurst

Christopher Wiest, Esq.
May 2, 2016
Page 2

MTH

Enclosures

cc:     Todd Gray, Esq. (w/encls)
        Christopher Brooker, Esq. (w/encls)

119911.154349/1346267.1

Exhibit 5

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Kentucky

| | |
|---|---|
| Libertarian National Committee, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:14-cv-63 |
| Holiday, et. al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                      Todd Gray, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 1025 Connecticut Ave., STE 1000<br>Farragut Square<br>Washington, D.C. 20036 | Date and Time:<br>07/29/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/19/2016

       *CLERK OF COURT*

                                  OR

      *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Libertarian National Committee, Inc., David Patterson, Libertarian Party of Kentucky       , who issues or requests this subpoena, are:

Christopher Wiest, 25 Town Center Blvd, STE 104, Crestview Hills, KY 41017

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit 6

**From:**              Chris Wiest <chris@cwiestlaw.com>
**Sent:**              Tuesday, July 19, 2016 7:32 PM
**To:**               Hurst, Mark
**Cc:**               'Thomas B. Bruns'
**Subject:**        RE: Response to your letter of 3/25/16

Mark:  If there is a good time next week for this deposition, we are willing to work it out with you.  We have a few attorneys on this case, and can send someone to D.C.  Let us know if Thursday or Wednesday are better days.

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803

The contents of this email may be privileged and/or confidential and are intended only for their recipients.  If you have received this in error, please delete and let the sender know.

---

**From:** Hurst, Mark [mailto:mark.hurst@skofirm.com]
**Sent:** Tuesday, July 19, 2016 5:30 PM
**To:** 'Chris Wiest' <chris@cwiestlaw.com>
**Cc:** 'Thomas B. Bruns' <tbruns@ffalaw.com>
**Subject:** RE: Response to your letter of 3/25/16

Chris,

We will prepare a formal response to your e-mail and deposition notice, but for now, please note that I will be in Atlanta next Friday, July 29.

Mark

Mark T. Hurst
Member
**Stoll Keenon Ogden PLLC**
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Main Switchboard:  (502) 333-6000
Direct Dial:  (502) 560-4236
Facsimile:  (502) 627-8732
mark.hurst@skofirm.com

**Louisville | Lexington | Frankfort | Evansville | Greater Pittsburgh | skofirm.com**

The following message, and any documents or previous e-mails attached to it, may contain confidential information protected by the attorney-client privilege.  If it was sent to you in error, do not read it.  Please inform the sender that you received it and then delete it.  Thank you.

**From:** Chris Wiest [mailto:chris@cwiestlaw.com]
**Sent:** Tuesday, July 19, 2016 4:15 PM
**To:** Hurst, Mark
**Cc:** 'Thomas B. Bruns'
**Subject:** RE: Response to your letter of 3/25/16

Mark:

We have issued a subpoena to Todd for a deposition next Friday in D.C.  I can have it recalled, if you would like, if you will accept service on his behalf.  I suppose it will get served tomorrow.

The notice we issued is attached.

I apologize for the fact that is coming a week and a half before hand; KET did not produce documents to us until early May, and by the time we went through the 8,000 pages they produced, to discover that almost 80% of it was duplicates, it was early July; we have had some disputes with them over the documents and the fact that they did not produce a number of documents we have asked for (which is going to necessitate motion practice before the judge), and are up against a discovery deadline next week that they will not agree to extend.  So here we are….

This is not how we like doing business……..  If we can do anything with respect to Mr. Gray or you to make this easier, and it does not prejudice our clients, please let us know.


-Chris


Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
D: 859-486-6850
C: 513-257-1895
F: 859-495-0803


The contents of this email may be privileged and/or confidential and are intended only for their recipients.  If you have received this in error, please delete and let the sender know.

# Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: SUBPOENA ISSUED TO ATTORNEY TODD GRAY | ) ) ) ) ) ) | CIVIL ACTION NO. _____ |

**DECLARATION OF MARK T. HURST**

For my declaration I state as follows:

1.      My name is Mark T. Hurst.  I am over the age of eighteen (18) and in my capacity as stated, I am competent to testify on the matters herein.  My declaration is made on personal knowledge.

2.      At all relevant times herein, I have served as counsel for Todd Gray ("Attorney Gray") in connection with subpoenas which have been issued to him in connection with the a civil action pending in the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort, styled *Libertarian National Committee, Inc., et al. v. Dr. Terry Holiday, et al.*, Civil Action No. 3:14-cv-00063-GFVT ("Kentucky Action").

3.      I live in and practice law in and around Louisville, Kentucky.

4.      On or about July 19, 2016 at approximately 4:15 p.m., I received via e-mail a notice of subpoena directed to Attorney Gray from Chris Wiest, counsel for Plaintiffs in the Kentucky Action.  True and correct copies of the subpoena and my e-mail exchange with Mr. Wiest are attached as exhibits to the motion to quash filed herein.

5.      Within ninety (90) minutes of receipt of that e-mail, I informed Mr. Wiest by reply e-mail that I was not available to attend a deposition of Attorney Gray in Washington, D.C. on July 29, 2016, the place and date designated in the subpoena.

6.    That date conflicts with my previously-scheduled out of town trip to Atlanta, Georgia.

7.    I have several conflicts throughout the week of July 25, 2016, that would make it extremely burdensome for me to travel to Washington, D.C. for Attorney Gray's deposition at any time during that week.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2016.

/s/ Mark T. Hurst